UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROBERT H. MARTIN,
   *Petitioner*,

v.

WARDEN HESS,
   *Respondent*.

No. 3:22-cv-1356 (JAM)

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

    Petitioner Robert Martin has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition alleges that Martin is incarcerated at FCI Fairton in New Jersey following his conviction and sentencing in 2020 in the United States District Court for the District of New Mexico. Martin seeks habeas corpus relief on the ground that he was wrongfully subject to a disciplinary hearing and loss of good time credits while he was previously serving his federal sentence in 2021 at FCI Danbury in the District of Connecticut.

    A federal court has jurisdiction over habeas corpus actions filed by federal prisoners who are "in custody in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2241(c)(3); *Jiminian v. Nash*, 245 F.3d 144, 147 (2d Cir. 2001). Section 2241 applies to "challenges to the execution of a federal sentence, 'including such matters as the administration of parole, . . . prison disciplinary actions, prison transfers, type of detention and prison conditions.'" *Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008) (quoting *Jiminian*, 245 F.3d at 146). Because Martin is challenging the procedures used at a disciplinary hearing and his sanctions resulting in loss of good-time credits, it is proper for him to pursue such a challenge by way of a properly filed section 2241 petition.

But the proper venue to bring a section 2241 petition is the district where a prisoner is *presently* confined and against the prison warden of the facility of confinement. As the Supreme Court has explained, "there is generally only one proper respondent to a given prisoner's habeas petition," and that custodian is "the 'person' with the ability to produce the prisoner's body before the habeas court." *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). Thus, "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." *Id.* at 447; *see also Perotti v. Purdue*, 2015 WL 5725810, at *5-6 (N.D.W. Va. 2015) (proper venue to challenge disciplinary proceeding was current district of confinement even though disciplinary proceeding was held at a prison in another district).

Although I have discretion to transfer this action rather than dismiss it, I decline to transfer the action, because the petition does not name the warden at FCI Fairton as the respondent. Martin must file any new petition to seek relief against the warden of the facility in which he is currently confined. *See Jabarah v. Garcia*, 2010 WL 3834663, at *5 (S.D.N.Y. 2010) (declining to transfer case to proper district because current warden was not named as respondent and petitioner could re-file against proper respondent in proper district).

The petition for writ of habeas corpus (Doc. #1) is DENIED.

The Clerk of Court shall close this case.

It is so ordered.

Dated at New Haven this 4th day of April 2023.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge